HOPKINS and HOOPERS *v.* THE STATE.

CRIMINAL LAW. *Change of venue. Absence of prisoner.* A change of venue
may be granted in the absence of a prisoner, upon his application by
petition, when there are satisfactory reasons addressed to the sound
discretion of the court why he is absent, provided he is within the
, custody or control of the court.

FROM DAVIDSON.

Appeal in error from the Criminal Court of Da-
vidson county.    J. M. QUARLES, J.

JOHN E. GARNER & SON and W. G. BRIEN for
Hopkins.

J. J. TURNER, MUNDY & ELKIN and ATTORNEY-
GENERAL LEA for The State.

TURNEY, J., delivered the opinion of the court.

The prisoners were arraigned before a justice of
the peace for the murder of John Nuckols. The
Hoopers were committed to jail. Hopkins gave bond
for his appearance at the June term, 1882, of the
Robertson county circuit court, at which time an in-
dictment was found against all the defendants.

Prior to the convening of that court, Hopkins,
while under bond to appear at Springfield, surrendered
himself to the sheriff of Davidson county, and was
placed in jail.

After the finding of a true bill, and while Hop-

kins was in the Nashville jail, he by petition, and the Hoopers in person, moved the court for change of venue. The petition of Hopkins, which is sworn to and supported by a number of affidavits, presents strong reasons why the venue should be changed, as well as that the court should act upon the application in the absence of the accused.

The court changed the venue and the accused elected Davidson county.

The criminal court of Davidson county, on motion of the attorney-general, decided it had no jurisdiction, and struck the cause from its docket. The defendants appealed.

The question is, did the circuit court of Robertson have jurisdiction in the absence of Hopkins, to order a change of venue? By art. 1, sec. 9, of Bill of Rights, the accused has the right, in all criminal prosecutions, to be heard by himself and counsel.

This ordinance was intended to soften the rigor of common law which gave to persons accused of crime the right to appear for themselves, but deprived them of the right to be heard through and represented by counsel learned in the law.

In the practice under our constitutional rule, it is very seldom the accused exercises the right of being heard by himself. He leaves to his counsel the entire management and control of his defense, still, if he were to demand it, the courts would be obliged to allow him to assist in the conduct and argument of his case.

If the language "shall have the right" means that

the right must be exercised, that it is a mandate and not merely the recognition of a privilege, few convictions up to the present period in the history of the State are maintainable. The right to be heard by himself is never voluntarily awarded, but is always, when desired, asked for by the prisoner, and when not asked for is waived.

It is too well established in Tennessee, that the accused has the right to be present at every step taken in his case in courts of original jurisdiction, to be discussed here, yet that right in all preliminary steps is personal to the accused and may be waived. That he has waived the right should clearly, conclusively and satisfactorily appear, before the prisoner is bound by it.

When the cause has been heard and the jury is ready to render its verdict, the right of waiver of prisoner is gone, for the reason that the relation of the prisoner to the court is about to be changed from a charge of crime to conviction or acquittal, his personal presence is necessary that the judgment of law may be pronounced, either in punishment for crime or in release from bonds or imprisonment.

The reason given for holding that a prisoner cannot consent to a severance of the jury, is, that he should not be called on to give or withhold a consent that might operate to his prejudice on the minds of the jury. It seems to the writer that a better reason is one of public policy. In a severance juries would be more subjected to being tampered with by the friends of the prosecution and defense, and not

left to a free exercise of their judgments in the investigation of the facts of the case.

Recurring to the argument that the accused having the right to be present at every important step taken in his cause, must, therefore, always be present, we can see many obstructions to a just and proper administration of law, if such rule is enforced. For instance, it often happens that counties, in which crimes are committed, have insufficient jails, and prisoners are sent for safe keeping to the jails of other counties. Now, suppose we have a court in session in Grundy county, with indictments for murder pending, the jail being unsafe, the accused have been lodged in jail at Nashville—the court orders the prisoners to be brought to Altamont—it is ascertained and made to appear to the court that the prisoners are in no condition to be moved—that they are afflicted with small-pox, cholera or yellow fever, and to remove them will not only endanger their own lives, but will spread the disease and endanger lives in the communities through which they may pass as well as at the point at which the trial is to be had. Under such circumstances, can the judge do nothing but compel their attendance—are there not surroundings authorizing him to continue the trial to a future term of the court?

This is an extreme case, but it illustrates the rule insisted for. By section 5195 of the Code, it is enacted: "In criminal prosecutions, the venue may be changed in the following cases: When upon the application of a defendant in a felony case, it is made

to appear satisfactorily to the court that, from undue excitement against the prisoner in the county where the offense was committed, or any other cause, a fair trial could not probably be had," etc.

This does not restrict the defendant to a personal application. All that is required is the application of the defendant. Of course, at the time of the application the defendant must be within the custody and control of the court; he must be so circumstanced and situated that the court may command and have his personal attendance to proceed with the trial or make any order necessary to a preparation for trial. He must be so located that the court may, at any moment, order him into such custody as may seem right and proper. And it must also appear that there are full, satisfactory and controlling reasons why the prisoner is not present in person, and cannot reasonably and safely be so. These are matters addressing themselves to the sound discretion of the court, and when acted upon by the court at the instance of the defendant, he is estopped to deny the legality or propriety of such action.

It can make no difference that the defendant was in the jail of another county, he was, nevertheless, subject to the order of the court and within its jurisdiction.

The judgment is reversed and the cause remanded to the criminal court of Davidson county for trial.